JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN ALAWI,<br><br>      Plaintiff,<br><br>v.<br><br>UNKNOWN,<br><br>      Defendants. | Case No. ED CV 22-1003 JWH (MRW)<br><br>**ORDER DISMISSING DEFENDANT WITHOUT LEAVE TO AMEND**<br><br>**FRCP 41** |

The Court **DISMISSES** this civil action **without leave to amend**.

1. This is a pro se prisoner civil rights action. Plaintiff's original complaint alleged that unnamed staff at a Riverside County detention facility mistreated him. (Docket # 1.)

2. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Magistrate Judge Wilner reviewed the original complaint. The Court accepted Magistrate Judge Wilner's recommendation to dismiss the action with leave to amend due to Plaintiff's failure: (a) properly to apply for in forma pauperis treatment; and (b) to name a legitimate defendant in the action. (Docket # 4.)

3. Plaintiff subsequently filed a First Amended Complaint (along with proper IFP documentation). (Docket # 9, 10.) Magistrate Judge Wilner again screened the pleading. Magistrate Judge Wilner concluded that Plaintiff failed to state a plausible cause of action against any of the named parties, improperly tried to name Doe defendants, and failed properly to allege supervisorial liability against senior law enforcement officials. (Docket # 12.) The action was again dismissed with leave to amend.

4. Plaintiff failed to file any new complaint in response to the screening order. Magistrate Judge Wilner issued an order to show cause why the action should not be dismissed for failure to prosecute. (Docket # 13.) The OSC advised Plaintiff that failure to amend would lead to a recommendation that the action be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

5. Plaintiff requested additional time to prepare a new complaint. (Docket # 14.) Magistrate Judge Wilner granted that

2

1  extension. (Docket # 15.) However, after receiving the extension, Plaintiff failed to file anything resembling a legitimate civil complaint. (Docket # 16.)

6. Although the action has been open since mid-2022, Plaintiff has not been able to state a plausible civil claim or to advance this case in any meaningful way.[1]

7. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

8. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

9. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the

---

[1] The Court takes notice that Plaintiff previously commenced, but abandoned, a similar civil action that sought to challenge his treatment in local custody. Alawi v. Riversie County, No. ED CV 21-1499 JWH (MRW) (C.D. Cal.).

availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

10. In the present action, the Court finds dismissal of the action without leave to amend is appropriate. Plaintiff failed to file a timely, proper complaint in this action after receiving detailed explanations of the defects of his earlier pleadings from the magistrate judge. Plaintiff's refusal or inability to file a plausible complaint in light of the court's warnings demonstrates that he has no interest in advancing that aspect of the action here.

11. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff seemingly chose to abandon his case by failing to respond to court orders (as also occurred in his 2021 case), thereby preventing any feasible advancement of the case. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's previous orders, no sanction short of dismissal of this party will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

12. Therefore, the present action is DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: February 28, 2023

Hon. John W. Holcomb
United States District Judge

4

Presented by:

_____
Hon. Michael R. Wilner
United States Magistrate Judge